NEW JERSEY MISCELLANEOUS REPORTS. 745

N. J. Dept. Labor—Rostin v. Richardson & Boynton Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## FRANK ROSTIN, PETITIONER, v. RICHARDSON & BOYNTON COMPANY, RESPONDENT.

**Injury to Leg—A Previous Injury Also Had Been Treated—No Connection Between the Two Accidents Established.**

On petition for compensation. On determination and rule for judgment of dismissal.

For the petitioner, *King & Vogt* (*C. Stanley Smith*, of counsel).

For the respondent, *Clarence B. Tippett*.

\*  \*  \*  \*  \*  \*  \*

It was claimed that on or about May 3d, 1926, a hoist with a box swung around, throwing or pushing claimant backward, and his leg brushed or struck against a wire box. The evidence disclosed that he was and had been employed by Richardson & Boynton Company for some considerable time; that on or about October 14th, 1922, he had previously been struck in the back of the left leg by a box toppling over; he was examined by Dr. Mutchler at or about that time, who found a condition which was very much similar to the present condition, and he expressed the opinion that the condtion, in his judgment, was not the result of the then described accident. Dr. Fort operated on him on or about June 7th, 1923, removing a lipoma, or fatty tumor from the posterior aspect of the left thigh, and expressed the opinion that this was not the result of a trauma. It appeared that he was paid some compensation until he returned to work the following October, 1922.

With reference to the present claim, after hearing all of the testimony, the evidence of the claimant, Dr. Baker, his

physician, and the testimony of Dr. Fort and Dr. Mutchler, I am induced to the conclusion that the clear preponderance of the testimony indicates that the petitioner has failed to connect his condition of May, 1926, to an accident or trauma, particularly as he says he had a similar condition which developed to the size of an orange two days after the alleged accident in October, 1922. The medical evidence unquestionably shows no causal relation either by direct causation or aggravation. The operation by Dr. Fort eliminated any causal connection between the trauma and the described occurrence of October 14th, 1922, and to the same effect as to the May, 1926, occurrence. Dr. Mutchler concurs in detail.

Dr. Fort, in performing the operation in June, 1923, is clearly in the best position to testify and his testimony is entitled to the greatest weight. It is incumbent upon a petitioner to prove his claim by a fair preponderance of credible testimony, and all of the effective evidence points to no connection either by direct trauma or aggravation of any existing conditions.

It is to be noted that the present claim is upon an alleged and described accident of May, 1926, and any claim which might have attempted connection with the original described accident of October, 1922, would be now barred under section 3, paragraph 23 (h) of the statute.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commissioner.*